FILED
NOV 24 2003
CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

RUTH J. SCOTT,

    Plaintiff,

vs.

APPLE VACATIONS and
PALACE RESORTS, INC.,

    Defendants.

Case No. 03-CV-74710 DT

HON. ANNA DIGGS

MAGISTRATE JUDGE KOMIVES

DAVID LAWRENCE RAVID (P33384)
JOSEPH M. PASCUZZI (P39320)
Attorneys for Plaintiff
23855 Northwestern Highway
Southfield, MI 48075
(248) 948-9696

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE, NOR DO I KNOW OF ANY OTHER CIVIL ACTION, NOT BETWEEN THESE PARTIES, ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT THAT IS EITHER PENDING OR WAS PREVIOUSLY FILED AND DISMISSED, TRANSFERRED, OR OTHERWISE DISPOSED OF AFTER HAVING BEEN ASSIGNED TO A JUDGE IN THIS COURT.

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, by and through her attorneys, RAVID AND ASSOCIATES, P.C., and for her cause of action against Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant thereto, Plaintiff has resided at 811 Princeton Road in the City of Berkley, County of Oakland, State of Michigan.

2. Defendant APPLE VACATIONS ("Apple") is a company licensed to conduct business in the State of Michigan and which engages in systematic and continuous business activities in the State of Michigan, its principal place of business located at 101 Northwest Point Boulevard, Elk Grove Village, Illinois 60007.

3. Defendant PALACE RESORTS, INC. ("Palace") is a company licensed to conduct business in the State of Michigan and which engages in systematic and continuous business activities in the State of Michigan, having as its principal place of business a location at 8725 N.W. 18th Terrace, Third Floor, Suite 201, Miami, Florida 33172.

4. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, court costs or attorney fees, pursuant to 28 USC 1332, and jurisdiction and venue are otherwise proper before this Court, as this Court has proper jurisdiction over each party to this action.

### GENERAL ALLEGATIONS

5. Plaintiff hereby repeats, realleges, adopts and incorporates by reference Paragraphs 1 through 4 of her Complaint as though fully set forth herein.

6. Defendant Apple booked Plaintiff on a vacation to Defendant Palace's Aventura Palace Resort in Cancun, Mexico for the period beginning November 10, 2001 and ending on November 17, 2001, expressly guaranteeing the quality, safety and security of the Aventura Palace Hotel.

7. Plaintiff is and was, at all relevant times, a business invitee, tenant, and/or licensee of Defendants.

2

8. Defendant Palace, as the owner and/or operator of the Aventura Palace Hotel in Mexico ("subject premises"), exercised control over the maintenance, care, design, repair and construction of the said premises, including, but not limited to, the staircase foyers of said area.

9. On or about November 10, 2001 at approximately 5:30 p.m., Plaintiff slipped in fell in a puddle of clear, tracked liquid that collected on the floor at the bottom of a staircase foyer within the Aventura Palace Resort in Cancun, Mexico, which was owned and/or operated by Defendant Palace, which caused her to fall and sustain grievous personal injuries, as alleged more specifically hereinafter.

10. The clear, tracked liquid which caused Plaintiff to slip and fall was not visible to Plaintiff upon casual inspection as she walked down the staircase and, upon further investigation, was determined to have emanated from a nearby trash receptacle.

### COUNT I - NEGLIGENCE OF DEFENDANT PALACE

11. Plaintiff hereby repeats, realleges, adopts and incorporates by reference Paragraphs 1 through 10 of her Complaint as though fully set forth herein.

12. Plaintiff paid valuable consideration to Defendant Palace and, at all times relevant, was present upon its premises as a paying guest at the express invitation of Defendant Palace, and Plaintiff was therefore a business invitee of Defendant Palace, and enjoyed all the rights and duties conferred by virtue of that status.

3

13. Defendant Palace owed Plaintiff certain duties, including but not limited to a duty to provide a clean, safe and secure environment. Notwithstanding those duties, Defendant Palace violated and breached those duties in the following particulars:

    (a) By allowing a defective trash receptacle to exist, causing the leaking of liquid onto the floor at the bottom of a stairway, thereby creating a dangerous and unsafe condition in an area where business invitees, such as Plaintiff, would be expected to walk;

    (b) By failing to warn business invitees, specifically Plaintiff, of the presence of dangerous and defective conditions which existed on Defendant Palace's premises, of which Defendant had knowledge or, in the exercise of reasonable care, should have had knowledge, within a reasonable time prior to the aforementioned incident;

    (c) By failing to inspect its premises when a reasonable inspection would have revealed the defective conditions which existed upon the premises as aforementioned, and which would have enabled Defendant Palace to remove same, thereby removing the danger to Defendant Palace's business invitees, including Plaintiff;

    (d) By failing to adequately clean and remove the dangerous and/or defective condition heretofore alleged, and thereby removing the danger to business invitees, including Plaintiff;

    (e) By failing to employ sufficient numbers of adequately trained employees to maintain and keep Defendant's premises clean, safe and clear of dangerous conditions, including those aforementioned, so that no harm would come to Defendant Palace's business invitees upon its premises, including Plaintiff, as a result of dangerous and defective conditions existing on Defendant Palace's premises, as aforementioned;

    (f) Any and all other acts of negligence not yet known to Plaintiff, but which may become known during the course of investigation and/or discovery.

4

14. As a direct and proximate result of the negligence of Defendant Palace, as aforementioned, Plaintiff sustained injuries more fully described hereinafter, which have caused her pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability and mental anguish, to-wit: permanently.

WHEREFORE, Plaintiff herein prays for a Judgment against Defendant Palace in whatever amount the jury determines to be fair, just and adequate compensation for the injuries and damages sustained by her, together with interest, costs and attorney fees.

### COUNT II - NEGLIGENCE OF DEFENDANT APPLE

15. Plaintiff hereby repeats, realleges, adopts and incorporates by reference Paragraphs 1 through 14 of her Complaint as though fully set forth herein.

16. Plaintiff paid valuable consideration to Defendant Apple in reliance upon its expressed expertise in booking quality, safe and secure vacation destinations and, at all times relevant, Plaintiff was a business invitee of Defendant Apple, and enjoyed all of the rights and duties conferred by virtue of that status.

17. Defendant Apple owed Plaintiff certain duties, including but not limited to a duty to book a quality, safe and secure vacation destination. Notwithstanding those duties, Defendant Apple violated and breached same in the following particulars:

> (a) By booking Plaintiff on a vacation at the Aventura Palace Resort when Defendant Apple knew or, in the exercise of reasonable care, should have known said resort was not safe or secure, and of inferior quality, despite Defendant Apple's expressed representations to the contrary;

5

(b) By booking Plaintiff on a vacation at the Aventura Palace Resort when Defendant Apple knew or, in the exercise of reasonable care, should have known said resort was poorly maintained, poorly designed and in a state of disrepair;

(c) By booking Plaintiff on a vacation at the Aventura Palace Resort when Defendant Apple knew or, in the exercise of reasonable care, should have known said resort contained defective and dangerous equipment, specifically a leaky trash receptacle located at the bottom of a staircase, which caused liquid to leak and accumulate on a tile floor and become slippery and hazardous;

(d) By booking Plaintiff on a vacation at the Aventura Palace Resort when Defendant Apple knew or, in the exercise of reasonable care, should have known said resort failed to reasonably inspect its premises for the existence of unsafe and dangerous conditions;

(e) By booking Plaintiff on a vacation at the Aventura Palace Resort when Defendant Apple knew or, in the exercise of reasonable care, should have known said resort failed to employ a sufficient number of employees and/or failed to adequately train its employees and/or failed to employ competent employees that were capable of maintaining and keeping the premises clear of dangerous and defective conditions so that no harm would come to business invitees, including Plaintiff;

(f) Any and all other acts of negligence and/or omissions yet known to Plaintiff, but which may become known during the course of investigation and/or discovery.

18. As a direct and proximate consequence of Defendant Apple's breach of duties and negligence, Plaintiff sustained severe and permanent physical injuries, which have caused her pain, suffering, disability, loss of enjoyment of life and mental anguish, to-wit: permanently.

6

WHEREFORE, Plaintiff herein prays for a Judgment against Defendant Apple in whatever amount the jury determines to be fair, just and adequate compensation for the injuries and damages sustained by her, together with interest, costs and attorney fees.

### COUNT III - INJURIES AND DAMAGES TO PLAINTIFF

19. Plaintiff hereby repeats, realleges, adopts and incorporates by reference Paragraphs 1 through 18 of her Complaint as though fully set forth herein.

20. As a direct result of the negligence of each Defendant, individually and/or together, Plaintiff has sustained injuries, including but not limited to a fracture of her left lateral malleolus, requiring an open reduction and insertion of internal fixation devices, which has caused Plaintiff pain, suffering, disability and mental anguish in the past, present and future.

21. As a direct result of the injuries and damages sustained by Plaintiff as a result of the subject incident, she has been compelled to expend large sums of money for medical care and treatment and will, in the future, be compelled to expend large sums of money for medical care and treatment in order to have herself cured and/or treated for her permanent and progressing injuries.

22. As a direct result of the injuries sustained by Plaintiff, she has suffered a severe loss of mobility and will be unable to appropriately care for her family and/or engage in those activities which an individual of Plaintiff's age is accustomed to engage. Plaintiff claims damages for said deprivation and loss.

7

23. As a direct and proximate result of the visible nature of some of Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer in the future, extreme humiliation and embarrassment.

WHEREFORE, Plaintiff herein prays for a Judgment against Defendants in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) the jury determines to be fair, just and adequate compensation for the injuries and damages sustained by her, together with interest, costs and attorney fees.

Respectfully Submitted,

RAVID AND ASSOCIATES, P.C.

BY:________________________

JOSEPH M. PASCUZZI (P39320)
Attorney for Plaintiff
23855 Northwestern Highway
Southfield, MI 48075
(248) 948-9696

Date: November 19, 2003

E:\DATA\FILES\S\SCOTT\COMPLAIN

RAVID AND ASSOCIATES, P.C. 23855 NORTHWESTERN HWY. SOUTHFIELD, MICHIGAN 48075 (248) 948-9695

FILED

NOV 24 2003

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

RUTH J. SCOTT,

    Plaintiff,

vs.

APPLE VACATIONS and
PALACE RESORTS, INC.,

    Defendants.

03-74710

Case No. 03-CV-    DT

HON.

ANNA DIGGS TAYLOR

MAGISTRATE JUDGE KOMIVES

_____/

DAVID LAWRENCE RAVID (P33384)
JOSEPH M. PASCUZZI (P39320)
Attorneys for Plaintiff
23855 Northwestern Highway
Southfield, MI 48075
(248) 948-9696
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorneys, RAVID AND ASSOCIATES, P.C., and hereby makes demand for a trial by jury of the above-entitled cause of action.

                        Respectfully Submitted,

                        RAVID AND ASSOCIATES, P.C.

BY: _____
      JOSEPH M. PASCUZZI (P39320)
      Attorney for Plaintiff
      23855 Northwestern Highway
      Southfield, MI 48075
      (248) 948-9696

Date: November 19, 2003
E:\DATA\FILES\S\SCOTT\JURY.DEM